[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/31/99
THOMAS K. KAHN
CLERK

_____

No. 98-3741
Non-Argument Calendar
_____

D.C. Docket No. 98-173-Cr-Orl-19(A)


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus


ANISSA KRAILLER WITHERELL,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(August 31, 1999)**


Before ANDERSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Anissa Krailler Witherell appeals her 15-month sentence, imposed by the United States District Court for the Middle District of Florida , for knowingly receiving counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 473, and knowingly passing with an intent to defraud those Notes in violation of 18 U.S.C. § 472.  Specifically, Witherell contends that the district court erred when it enhanced her base offense level pursuant to U.S.S.G. § 3C1.1 for  obstruction of justice.  We find no error and therefore affirm.

Witherell's indictment in this case was returned on July 23, 1998.  Following her arrest, she was  denied bail and was detained.  She immediately moved the court for reconsideration of the detention order, and on August 19, after considering a report from the district court's Pretrial Services Agency and hearing from the defendant, a magistrate judge admitted Witherell to bail.  Because Witherell was a drug addict, the judge imposed in his order of release the additional conditions of release relevant here: (1) that the "defendant is restricted in residence to 'STEP INCORPORATED,' a residential drug treatment center located at 1719 Apopka Boulevard, Apopka, Florida , and she will comply with all rules and directions of STEP, " and (2) that the defendant "report on a regular basis to the following agency: Pretrial Services Agency."  On August 29 (seven days after

her release), Witherell plead guilty to both charges of the indictment, and the district court scheduled her sentencing hearing for November 20, 1998.

Witherell did not comply with the conditions of her release, in that she did not report to STEP and she failed to report to the Pretrial Services Agency. The court, on September 30, therefore issued a warrant for her arrest. Witherell was arrested and taken into custody on October 21. On October 22, a magistrate judge held a detention hearing, and ordered Witherell detained pending her sentencing hearing.

Witherell's sentencing hearing proceeded as scheduled on November 20, 1998. At issue at the hearing was the recommendation of the district court's Probation Service that Witherell's base offense level of nine be increased by two levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, to-wit: Witherell's refusal to submit to in-residence treatment at STEP and her failure to report to the Pretrial Services Agency. Defense counsel argued against the enhancement on the ground that Witherell was a drug addict and that she had not left the jurisdiction; thus, her failure to abide by these conditions of her release was not willful. The district court disagreed and, following the Probation Service's recommendation, enhanced Witherell's base offense level.

Section 3C1.1 of the United States Sentencing Guidelines states:

3

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a close related offense, increase the offense level by 2 levels.

We have no difficulty in concluding that Witherell obstructed or impeded the due administration of justice in this case. Her failure to admit herself to STEP's residential treatment facility and to report to her Pretrial Services officer (1) caused a magistrate judge to entertain the Pretrial Services' petition for a warrant for Witherell's arrest, (2) caused the U.S. Marshal's Service to take Witherell into custody, (3) caused a second magistrate judge to hold a preliminary revocation hearing (on October 21), and (4) caused the same magistrate judge to hold a detention hearing (on October 22). By taxing the court time of the magistrate judges in this way, Witherell prevented these judges from attending to other judicial business and therefore impeded the administration of justice in the Middle District of Florida.

AFFIRMED.